STATE OF NEBRASKA, APPELLEE, V. PHILLIP DEAN JIPP,
APPELLANT.
334 N.W.2d 805
Filed June 10, 1983. No. 82-506.

Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Frank J. Hutfless, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.
The defendant was charged with and pled guilty to, in the District Court for Douglas County, Nebraska, a violation of Neb. Rev. Stat. § 28-416(2)(a) (Cum. Supp. 1982), dispensing an extrahazardous drug. The plea was accepted and he was sentenced to a term of 1 year's imprisonment in the Nebraska Penal and Correctional Complex. Only one error is discussed herein. We affirm.

Prior to entry and acceptance of the defendant's guilty plea at his arraignment on May 13, 1982, the following exchange took place between the district judge and the defendant in the presence of counsel. "THE COURT: Do you further know and understand that the penalty for this charge is not less than one nor more than twenty years, or a $25,000 fine, or both such fine and imprisonment? THE DEFENDANT: Yes." The error relates to that dialogue.

Prior to a 1980 amendment, dispensing of cocaine was a Class III felony; however, in 1980 cocaine was reclassified as an exceptionally hazardous drug and

the penalty was increased to that of a Class II felony carrying limits of 1 year to 50 years' imprisonment. Neb. Rev. Stat. §§ 28-401(35) and 28-416(2)(a) (Cum. Supp. 1982). The trial judge therefore was mistaken when he advised the defendant of the maximum possible penalty.

This case is controlled by *State v. Rouse*, 206 Neb. 371, 293 N.W.2d 83 (1980). In *Rouse* the defendant pled guilty to second degree murder. The court accepted the plea and sentenced him to a term of not more than 20 years. The assigned error in that case was "[t]hat his rights to due process and equal protection were violated when the trial court accepted his plea of guilty and entered judgment thereon without advising the defendant of the statutory minimum and maximum penalties for second degree murder . . . ." After an extensive review of the authorities, we said at 375, 293 N.W.2d at 86: "It should be noted that the constitutional requirement is that the plea be voluntary and intelligent and that the determination of that fact be reliably established. *State v. Lewis*, 192 Neb. 518, 222 N.W.2d 815 (1974). The criterion is whether or not the defendant understands the relevant factors involved in pleading guilty. We have stated that, before accepting such a plea, the judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the *possible penalty*, and the *effect of his plea*." We further said in *Rouse* at 375, 293 N.W.2d at 86: " 'The standards recommend that a defendant be allowed to withdraw his plea of guilty or nolo contendere upon timely motion if he proves that withdrawal is necessary to correct a manifest injustice. . . . In the absence of proof by the defendant of such manifest injustice, the defendant should not be permitted to withdraw her plea,' " quoting *State v. Lewis*, 192 Neb. 518, 222 N.W.2d 815 (1974).

We find the above language from *Rouse* is pertinent to this case. The defendant does not allege that

if he had not been so informed by the trial court, he would not have pled guilty. The allegation is of a technical failure of the trial court to comply with the minimum standards that we have adopted for the acceptance of guilty pleas. The defendant must allege and prove that such omission has resulted in prejudice to him, constituting a manifest injustice that would require this court to give him the opportunity to withdraw the plea. On the face of it in this case, the defendant was advised that the minimum penalty was 1 year. He was sentenced to 1 year. The effect of *Rouse* was to hold that if a defendant was sentenced within the term described by the trial court, prejudice is not then apparent on the face of the record. The case is to be distinguished from *State v. McMahon*, 213 Neb. 897, 331 N.W.2d 818 (1983). In *McMahon* the defendant pled guilty to the crime of delivering marijuana, Neb. Rev. Stat. §§ 28-416(1)(a) and (2)(b) and 28-405, Schedule I (c)(10) (Cum. Supp. 1982). Defendant was sentenced to a term of imprisonment of not less than 3 years nor more than 5 years. The defendant there assigned as error that the District Court misinformed him as to the possible penalty of the crime, that it included imprisonment of up to 5 years or a $10,000 fine, or both such fine and imprisonment. In fact, the correct penalty for a Class III felony was not less than 1 year nor more than 20 years or a $25,000 fine, or both such fine and imprisonment. While, as in *Rouse*, the penalty imposed was lawful under the crime to which the defendant pled, we noted in *McMahon* that the minimum sentence would have violated the statutory one-third of the maximum allowed by law if the penalty was as the court advised, and reversed and remanded the case. We, in effect, held that manifest injustice was demonstrated when the penalty imposed was actually greater than the law would have permitted had the defendant pled guilty to the crime with the penalty as described by the District Court. Having

failed to demonstrate any manifest injustice in the instant case, the defendant will not be permitted to withdraw his plea, and the judgment and sentence of the trial court are affirmed.

AFFIRMED.

WHITE, J., dissenting.

I dissent for the reasons stated in my dissent in *State v. Rouse*, 206 Neb. 371, 293 N.W.2d 83 (1980).