State of Nebraska, appellee, v.
Cory L. Russell, appellant.
___ N.W.2d ___

Filed June 5, 2015.    No. S-14-927.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.

2. **Pleas: Appeal and Error.** A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that decision only where there is an abuse of discretion.

3. **Sentences: Sexual Assault.** For purposes of the authorized limits of an indeterminate sentence under Neb. Rev. Stat. § 29-2204(1)(a)(ii)(A) (Cum. Supp. 2014), both "mandatory minimum" as used in Neb. Rev. Stat. § 28-319.01(2) (Cum. Supp. 2014) and "minimum" as used in Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014) in regard to a Class IB felony mean the lowest authorized minimum term of the indeterminate sentence.

4. **Sentences: Probation and Parole.** A person convicted of a felony for which a mandatory minimum sentence is prescribed is not eligible for probation.

5. **Sentences.** Good time reductions do not apply to mandatory minimum sentences.

6. **Sentences: Probation and Parole: Sexual Assault.** The mandatory minimum required by Neb. Rev. Stat. § 28-319.01(2) (Cum. Supp. 2014) affects both probation and parole.

7. **Pleas.** In order to support a finding that a plea of guilty or no contest has been entered freely, intelligently, voluntarily, and understandingly, among other requirements the record must establish that the defendant knew the range of penalties for the crime with which he or she is charged.

8. **Statutes: Presumptions: Legislature: Intent: Appeal and Error.** In construing a statute, appellate courts are guided by the presumption

that the Legislature intended a sensible rather than absurd result in enacting the statute.

9. **Sentences: Sexual Assault.** The range of penalties for sexual assault of a child in the first degree, first offense, under Neb. Rev. Stat. § 28-319.01(2) (Cum. Supp. 2014), is 15 years' to life imprisonment.

10. **Sentences.** A court's failure to advise a defendant of the correct statutory minimum and maximum penalties does not automatically warrant reversal.

11. **Sentences: Probation and Parole.** In the event of a discrepancy between the statement of the minimum limit of a sentence and the statement of parole eligibility, the statement of the minimum limit controls the calculation of an offender's term.

12. **Sentences.** The meaning of a sentence is, as a matter of law, determined by the contents of the sentence itself.

13. **Judges: Sentences: Probation and Parole.** A trial judge's incorrect statement regarding time for parole eligibility is not part of the sentence and does not evidence ambiguity in the sentence imposed.

Appeal from the District Court for Colfax County: Mary C. Gilbride, Judge. Affirmed.

Bryan C. Meismer for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

## INTRODUCTION

Cory L. Russell appeals from his plea-based conviction and sentence for sexual assault of a child in the first degree. He argues that because he was not correctly advised of the 15-year "mandatory minimum," his plea was not entered knowingly. To resolve the appeal, we (1) explain the distinction, in this context, between "minimum" and "mandatory minimum"; (2) determine the correct range of penalties; (3) conclude that the error was not prejudicial; and (4) describe why the different

good time calculation for a "mandatory minimum" does not affect the validity of the plea.

## BACKGROUND

The controlling statute states, "Sexual assault of a child in the first degree is a Class IB felony with a mandatory minimum sentence of fifteen years in prison for the first offense."[1] The general statute prescribing the range of penalties for a Class IB felony specifies a "[m]inimum" of 20 years' imprisonment and a "[m]aximum" of life imprisonment.[2]

The State filed an information charging Russell with 27 counts of sexual assault of a child in the first degree. Pursuant to a plea agreement, the State agreed to file an amended information charging Russell with only one count of that offense in return for Russell's plea of no contest to the charge. The amended information did not allege that Russell had any prior convictions.

Prior to accepting Russell's plea, the district court advised Russell that the crime "carries a minimum of 20 years['] incarceration and a maximum of life." The court accepted Russell's plea of no contest and adjudged him guilty of sexual assault of a child in the first degree.

At the sentencing hearing, the district court stated that the offense carried "a mandatory minimum of at least 20 years." The court imposed a sentence of 40 to 50 years' imprisonment. The court advised Russell that he "must serve 20 years, less 332 days served on the minimum term before you would be eligible for parole, and 25 years, less 332 days served on the maximum term before mandatory release."

Russell timely appealed, and we moved the case to our docket under our statutory authority to regulate the caseloads of the appellate courts of this state.[3]

---

[1] Neb. Rev. Stat. § 28-319.01(2) (Cum. Supp. 2014).

[2] See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2014).

[3] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## ASSIGNMENT OF ERROR

Russell assigns that the district court erred by not properly advising him of the crime's range of penalties prior to the acceptance of his plea.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[4]

[2] A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that decision only where there is an abuse of discretion.[5]

## ANALYSIS

### Meaning of "Mandatory Minimum"

In order to address Russell's assignment of error, we must determine the specific meaning of the phrase "mandatory minimum sentence" in § 28-319.01(2). From one context to another, the meaning of the term "mandatory minimum" can vary. In some instances, it may be a term of art, while in other circumstances, it may be used only in the general sense of the two words. For example, a "minimum" prescribed by § 28-105 can be described as "mandatory" in the sense that a judge is not authorized to impose an indeterminate sentence of imprisonment having a minimum term which is less than the statutorily authorized minimum sentence.[6] We have previously stated that a court must advise a defendant of any mandatory minimum sentence that will apply.[7] But in none of those cases were we faced with a "mandatory minimum sentence" in the

---

[4] *State v. Covey*, 290 Neb. 257, 859 N.W.2d 558 (2015).

[5] *State v. Williams*, 276 Neb. 716, 757 N.W.2d 187 (2008).

[6] See Neb. Rev. Stat. § 29-2204(1)(a)(ii) (Cum. Supp. 2014).

[7] See, e.g., *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002); *State v. Spiegel*, 239 Neb. 233, 474 N.W.2d 873 (1991); *State v. Stastny*, 223 Neb. 903, 395 N.W.2d 492 (1986).

sense that the only consequences were to prohibit probation eligibility and to deny any good time prior to service of the mandatory minimum term. Those consequences did not exist in statute for a felony offense until 1995.[8] Thus, we must explain the differences and similarities between the terms in the specific statutes before us.

[3] For purposes of the authorized limits of an indeterminate sentence under § 29-2204(1)(a)(ii)(A), both "mandatory minimum" as used in § 28-319.01(2) and "minimum" as used in § 28-105 in regard to a Class IB felony mean the lowest authorized minimum term of the indeterminate sentence. Thus, in that sense, there is no difference between the two.

But the Legislature has prescribed different consequences regarding probation and parole, depending upon whether the bottom end of a sentence is a "minimum" or a "mandatory minimum." Under current law regarding the specific statutes before us, there are two significant differences between a "minimum" and a "mandatory minimum."

[4] First, a court cannot place the convicted offender on probation. We have said that whether probation or incarceration is ordered is a choice within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion.[9] Thus, with respect to the "minimum" required for a Class IB felony under § 28-105, a court is generally authorized to suspend the sentence and impose a term of probation.[10] But a person convicted of a felony for which a mandatory minimum sentence is prescribed is not eligible for probation.[11] Because § 28-319.01(2) imposes a mandatory minimum of 15 years' imprisonment for sexual assault of a child in the first degree, a sentence to probation is not authorized.

---

[8] See 1995 Neb. Laws, L.B. 371, §§ 2 and 21.

[9] *State v. Alford*, 278 Neb. 818, 774 N.W.2d 394 (2009).

[10] See, generally, Neb. Rev. Stat. § 29-2262 (Cum. Supp. 2014); *State v. Hylton*, 175 Neb. 828, 124 N.W.2d 230 (1963).

[11] § 28-105(4).

[5] The second consequence is that the offender will not receive any good time for the entire duration of the mandatory minimum. Good time reductions do not apply to mandatory minimum sentences.[12] This has consequences for the good time calculations for both the minimum and maximum terms of an indeterminate sentence. We have held that in calculating parole eligibility, a defendant must serve the mandatory minimum plus one-half of any remaining minimum sentence before becoming eligible for parole.[13] Thus, where the court sentences an offender to a minimum term equal to the applicable mandatory minimum, the offender becomes eligible for parole only after serving the full mandatory minimum. And we have determined that good time credit cannot be applied to the maximum term of an indeterminate sentence before the mandatory minimum sentence has been served.[14] Thus, in calculating mandatory release, a defendant must serve the mandatory minimum plus one-half of any remaining maximum sentence.[15]

[6] Therefore, under our current statutes, the mandatory minimum required by § 28-319.01(2) affects both probation and parole. Probation is not authorized in sentencing an offender for sexual assault of a child in the first degree. And good time credit cannot be allowed until the full amount of the mandatory minimum term of imprisonment has been served. The designation of the minimum as "mandatory" in § 28-319.01(2) does not affect the range of penalties, but the statute's specification of a different minimum does.

### Range of Penalties

[7] Long ago, we articulated that in order to support a finding that a plea of guilty or no contest has been entered

---

[12] See Neb. Rev. Stat. § 83-1,110 (Reissue 2014).

[13] See *State v. Kinser*, 283 Neb. 560, 811 N.W.2d 227 (2012).

[14] See *Johnson v. Kenney*, 265 Neb. 47, 654 N.W.2d 191 (2002).

[15] See *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), *disapproved on other grounds, State v. Lantz*, 290 Neb. 757, 861 N.W.2d 728 (2015).

freely, intelligently, voluntarily, and understandingly, among other requirements the record must establish that the defendant knew the range of penalties for the crime with which he or she is charged.[16] Russell challenges his plea because he was not advised of the mandatory minimum sentence of 15 years' imprisonment required by § 28-319.01(2).

But the parties do not agree upon the correct range of penalties. Russell contends that the range is 20 years' to life imprisonment, of which the first 15 years are "mandatory." The State argues that the range is 15 years' to life imprisonment and that the entire minimum term is mandatory. Thus, we must first determine whether the range of penalties is 20 years' to life imprisonment or imprisonment of 15 years to life.

We have not explicitly enunciated the range of penalties for sexual assault of a child in the first degree under § 28-319.01. Most recently, in *State v. Lantz*,[17] we reviewed sentences of 15 to 25 years' imprisonment, but we focused only on whether the mandatory minimum required that the sentences be served consecutively. Some of our language in *State v. Fleming*[18] could be interpreted to mean that the minimum sentence is 20 years in prison, of which 15 years must be served before becoming eligible for parole. But other language in the opinion is consistent with a minimum term of 15 years. Notably, we did not expressly state that the 20-year minimum sentence imposed by the court was the most lenient authorized by statute. We have yet to expressly opine on this precise issue.

The Nebraska Court of Appeals, however, has overtly determined that the minimum penalty for sexual assault of a child in the first degree is 15 years. In *State v. Lantz*,[19] the trial court imposed sentences of imprisonment of 15 to 25 years

---

[16] See *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986).

[17] *State v. Lantz, supra* note 15.

[18] *State v. Fleming*, 280 Neb. 967, 792 N.W.2d 147 (2010).

[19] *State v. Lantz*, 21 Neb. App. 679, 842 N.W.2d 216 (2014), *disapproved in part on other grounds, State v. Lantz, supra* note 15.

for each of the three counts of sexual assault. On appeal, the State argued that the sentences were not within the statutory sentencing range, because the sentencing statutes required the minimum portion of the sentence to be 20 years' imprisonment, of which 15 years was a mandatory minimum sentence not subject to good time. The Court of Appeals disagreed, relying upon the principle that to the extent there is a conflict between two statutes, the specific statute controls over the general statute. The court reasoned:

> In this circumstance, the Legislature has made a specific provision that the offense of first-offense first degree sexual assault of a child, even though classified as a Class IB felony, carries a mandatory minimum sentence of 15 years' imprisonment. This specific statute controls over the general statute regarding sentences providing for a 20-year minimum term of imprisonment.[20]

The Court of Appeals' resolution was consistent with its determination in a prior case that a sentence of 15 to 15 years' imprisonment for first degree sexual assault of a child was the most lenient sentence of imprisonment that could be imposed for the conviction.[21]

[8] To hold otherwise could lead to absurd results. For example, a person found guilty of sexual assault of a child in the first degree and who had previously been convicted of the same crime would be guilty of a Class IB felony with a mandatory minimum sentence of 25 years in prison.[22] In that instance, although the crime would remain a Class IB felony, the court supposedly would be permitted to impose a minimum term of years less than the mandatory minimum. In construing a statute, appellate courts are guided by the presumption that the Legislature intended a sensible rather than absurd

---

[20] *Id.* at 704, 842 N.W.2d at 236-37.

[21] See *State v. Kays*, 21 Neb. App. 376, 838 N.W.2d 366 (2013), *affirmed on other grounds* 289 Neb. 260, 854 N.W.2d 783 (2014).

[22] See § 28-319.01(3).

result in enacting the statute.[23] This requires that we reject Russell's interpretation.

[9] We explicitly hold that the range of penalties for sexual assault of a child in the first degree, first offense, under § 28-319.01(2), is 15 years' to life imprisonment. Because the lower limit is a mandatory minimum, probation is not an authorized sentence for the offense and no good time is accrued until the full mandatory minimum term has been served.

### ERRONEOUS ADVISEMENT

The district court erroneously advised Russell of the lower end of the range of penalties. The court informed Russell that the minimum sentence was 20 years rather than 15 years. But this erroneous advisement does not necessitate reversal.

[10] A court's failure to advise a defendant of the correct statutory minimum and maximum penalties does not automatically warrant reversal. In *State v. Rouse*,[24] we rejected the concept that the standards for advisement were per se rules, where a failure to technically comply would mandate an automatic reversal. We instead said, "If it can be determined that the defendant understood the nature of the charge, the possible penalty, and the effect of his plea, then there is no manifest injustice that would require that the defendant be permitted to withdraw his plea."[25] In that case, the court did not inform the defendant of the statutory maximum and minimum penalties for second degree murder. However, the defendant was aware of the plea arrangements between his counsel and the prosecution and that he would have the opportunity to withdraw his plea if the sentence imposed was not between 16 and 20 years in prison. We concluded that the defendant received the sentence that he had bargained for and that any error on the part of the trial judge in failing to inform the defendant of the statutory penalty did not prejudice the rights of the defendant

---

[23] *State v. Norman*, 282 Neb. 990, 808 N.W.2d 48 (2012).

[24] *State v. Rouse*, 206 Neb. 371, 293 N.W.2d 83 (1980).

[25] *Id.* at 375-76, 293 N.W.2d at 86.

or result in manifest injustice. Without more, the technical fail-
ure of the trial judge to inform the defendant of the statutory
penalties was not enough for reversal.

We also found no prejudice in a case where a defendant was
advised of a lower maximum penalty than that mandated by
statute. In *State v. Jipp*,[26] the defendant was advised that the
maximum penalty was 20 years' imprisonment when the actual
maximum penalty was 50 years' imprisonment. We observed
that the defendant was advised that the minimum penalty was
1 year and that he was sentenced to 1 year. We stated that the
effect of *State v. Rouse*[27] "was to hold that if a defendant was
sentenced within the term described by the trial court, preju-
dice is not then apparent on the face of the record."[28]

Russell suffered no prejudice as a result of the erroneous
advisement. His sentence of 40 to 50 years' imprisonment
was within the statutory range of penalties. It was also within
the range of penalties articulated by the district court. It is
inconceivable that Russell would plead no contest after being
advised of a 20-year minimum sentence but would not have
entered such a plea if he were properly informed that the mini-
mum sentence was 15 years. This is particularly true where
Russell faced 27 counts of sexual assault of a child in the first
degree before the State agreed to dismiss 26 counts in return
for Russell's plea of no contest. The notion that Russell would
not have pled no contest but for the erroneous advisement
regarding the minimum penalty strains credulity. Russell's
counsel admitted as much at oral argument.

### Characterization as "Mandatory Minimum"

The statutory characterization of the minimum penalty as a
mandatory minimum does not change our analysis. As we have
explained, the addition of the word "mandatory" to "minimum"

---

[26] *State v. Jipp*, 214 Neb. 577, 334 N.W.2d 805 (1983).

[27] *State v. Rouse, supra* note 24.

[28] *State v. Jipp, supra* note 26, 214 Neb. at 579, 334 N.W.2d at 806-07.

in § 28-319.01(2) had the effect of removing eligibility for probation and denying accrual of good time prior to service of the first 15 years of any minimum term. But the addition of the word "mandatory" did not affect the range of penalties. Rather, the special minimum established in § 28-319.01(2) for this offense superseded the minimum provided for Class IB felonies in § 28-105. In other words, it was the designation of a specific minimum in § 28-319.01(2) for sexual assault of a child in the first degree that affected the range of penalties; the additional word "mandatory" did not do so.

Federal sentencing law supports our decision. Our previous statements concerning advising a defendant of the mandatory minimum sentence on a charge derived from standard 1.4 of the ABA Standards Relating to Pleas of Guilty (Approved Draft 1968).[29] And that statement is consistent with the Federal Rules of Criminal Procedure, which require that a defendant be advised of "any mandatory minimum penalty."[30] The purpose of the rule is "to insure that a defendant knows what minimum sentence the judge MUST impose and what maximum sentence the judge MAY impose."[31] Nonetheless, the U.S. Supreme Court, citing Fed. R. Crim. P. 11, stated in a parenthetical that "federal courts generally are not required to inform defendant about parole eligibility before accepting guilty plea."[32] It follows that the term "mandatory minimum penalty" as used in the ABA standards and the Federal Rules of Criminal Procedure does not refer to parole eligibility, but, rather, refers to the low end of the range of punishments for a charged offense. One federal circuit court has explicitly

---

[29] See, e.g., *State v. Clark*, 217 Neb. 417, 350 N.W.2d 521 (1984); *State v. Lewis*, 192 Neb. 518, 222 N.W.2d 815 (1974). See, also, *State v. Irish, supra* note 16 (Shanahan, J., dissenting; Krivosha, C.J., and White, J., join) (citing successor standard, standard 14-1.4 of ABA Standards for Criminal Justice (2d ed. 1980)).

[30] Fed. R. Crim. P. 11(b)(1)(I).

[31] Fed. R. Crim. P. 11, advisory committee notes on 1974 amendments.

[32] *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

stated that "'penalty' means the statutory nominal sentence and not actual time in prison after credit for good behavior and parole."[33]

Clearly, Russell's argument depends solely upon the consequences of a mandatory minimum for accrual of good time. He makes no claim that he would have been considered for a sentence of probation. As Russell explained, "After the math is done, the difference [is] between what the [district court] advised and [s]entenced (40 years, 20 with good time) and what Nebraska [l]aw mandates (40 years, 27.5 with good time) . . . ."[34] In other words, he is arguing about the effect of the mandatory minimum only on his good time, which the district court described as part of its "truth-in-sentencing" pronouncements.[35]

The district court stated, "Assuming that [Russell] loses none of the good time for which he becomes eligible, [he] must serve 20 years, less 332 days served, on the minimum term before obtaining parole eligibility, and must serve 25 years, less 332 days served, on the maximum term, before obtaining mandatory release." The State, in effect, concedes that these advisements were incorrect. But the State argues that truth-in-sentencing advisements are not required until a sentence is pronounced and that, thus, the incorrect truth-in-sentencing advisements did not affect the validity of Russell's plea. We agree.

[11-13] As the Court of Appeals has explained, § 29-2204 plainly provides that in the event of a discrepancy between the statement of the minimum limit of the sentence and the statement of parole eligibility, the statement of the minimum limit controls the calculation of the offender's term.[36] The meaning of a sentence is, as a matter of law, determined by

---

[33] *United States v. Garcia*, 698 F.2d 31, 33 (1st Cir. 1983).

[34] Brief for appellant at 1.

[35] See § 29-2204(1)(b) and (c).

[36] See *State v. Glover*, 3 Neb. App. 932, 535 N.W.2d 724 (1995).

the contents of the sentence itself.[37] A trial judge's incorrect statement regarding time for parole eligibility is not part of the sentence and does not evidence ambiguity in the sentence imposed.[38] Section 29-2204 provides the same rule regarding any conflict between the statement of maximum limit of the sentence and the advisement of mandatory release—the former controls.

## CONCLUSION

In the context of § 28-319.01(2), the term "mandatory minimum" differs from a "minimum" only in that probation is not authorized and no good time credit accrues until after the full amount of the mandatory minimum has been served. The lowest authorized minimum term of an indeterminate sentence for sexual assault of a child in the first degree, first offense, under § 28-319.01(2) is 15 years' imprisonment. Thus, the range of penalties for that offense is 15 years' to life imprisonment. The district court incorrectly advised Russell that the range of penalties was 20 years' to life imprisonment. But the error was not prejudicial and did not affect the validity of Russell's plea. The sentence imposed of 40 to 50 years' imprisonment was within both the authorized statutory range and the advisement of the range given to Russell. There was no prejudice from the incorrect advisement. Russell's actual complaint is that the truth-in-sentencing advisements were incorrect. But § 29-2204 plainly states that the pronounced terms of imprisonment prevail over any conflict with the truth-in-sentencing advisements. We therefore affirm the judgment of the district court.

AFFIRMED.

---

[37] *State v. McNerny*, 239 Neb. 887, 479 N.W.2d 454 (1992).

[38] See *State v. Glover, supra* note 36.