IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SITARSKI

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHRISTOPHER SITARSKI, APPELLANT.

Filed March 31, 2020.    No. A-19-639.

Appeal from the District Court for Saunders County: CHRISTINA M. MARROQUIN, Judge. Affirmed.

Thomas J. Klein, Saunders County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Christopher Sitarski appeals from his plea-based conviction in the district court for Saunders County for first degree sexual assault of a child. His sole assignment of error on appeal is that the district court imposed an excessive sentence. For the reasons set forth herein, we affirm.

BACKGROUND

On November 29, 2017, the State filed an information charging Sitarski with three counts of first degree sexual assault of a child, in violation of Neb. Rev. Stat. § 28-319.01 (Reissue 2016), each a Class IB felony, and with one count of tampering with evidence, in violation of Neb. Rev. Stat. § 28-922 (Reissue 2016), a Class IV felony. Sitarski pled not guilty to the charges alleged in the information.

- 1 -

On March 18, 2019, both Sitarski and the State appeared before the district court and indicated that they had reached a plea agreement. Sitarski agreed to plead guilty or no contest to one count of first degree sexual assault of a child and the State agreed to dismiss the other three counts alleged in the information. In addition, the State agreed to file no other charges in connection with the incident giving rise to the charges. There was no agreement as to what sentence Sitarski should receive.

Prior to Sitarski entering his plea to one count of first degree sexual assault of a child, the district court informed him that he would be pleading to a Class IB felony and that, "[i]f convicted, it is a minimum of 20 years, a maximum of life imprisonment." The State then corrected the court and explained that pursuant to § 28-319.01(2), the charge carries with it a mandatory minimum sentence of 15 years' imprisonment. Sitarski's counsel indicated that he did "advise [Sitarski] of a different penalty provision, and he does not want to move forward with a plea agreement, then." However, after a brief recess, the plea hearing resumed and Sitarski indicated his intent to plead guilty to one count of first degree sexual assault of a child pursuant to the aforementioned plea agreement. The court specifically asked Sitarski, "[G]iven everything we've gone over today, do you still want me to accept your plea?" Sitarski responded, "Yes."

The State provided a factual basis for Sitarski's plea. According to that factual basis, in November 2017, A.S., Sitarski's then fiancé, and the mother of the victim, K.S., reported to police that she had gone into K.S.'s bedroom that morning and observed K.S. and Sitarski alone in the room. A.S. observed that K.S. and Sitarski were facing each other. K.S.'s pajama bottoms were on the floor and Sitarski's pants were down around his knees. K.S. was 7 years old at the time.

A.S. further reported to police that after she pushed Sitarski out of the bedroom, K.S. told her that Sitarski had touched her "pee-pee." During a subsequent forensic interview, K.S. reported that almost every night since she was 5 years old, Sitarski (who she referred to as "dad") would enter her room and rub his private parts, with her underwear off, in her butt crack and also in the crack of her "pee-pee" and that his private parts were "gooey and slimy." K.S. advised that Sitarski had also "put his pee-pee in her mouth and told her to suck it like it's a popsicle." K.S. advised that Sitarski told her to "keep these things a secret." A DNA analysis was completed on K.S.'s clothing and bedding and the sperm found was identified as belonging to Sitarski.

Ultimately, the district court found that Sitarski understood his rights; the nature of the charge; and the possible penalty and the consequences of his plea. The court also found that Sitarski was offering his plea freely, voluntarily, knowingly, and intelligently. The court then accepted Sitarski's guilty plea to one count of first degree sexual assault of a child. The court ordered that a presentence report be completed. As a part of that report, the district court ordered Sitarski to undergo "a Sex Offender Specific Evaluation."

The presentence report revealed that Sitarski is 24 years old and had completed the 12th grade. At the time of his arrest, he was employed at Valmont Industries in Valley, Nebraska. He had been employed there for only about one month. Before working for Valmont Industries, he was employed at a variety of places, with his longest period of employment being 11 months. Sitarski reported that he did not use alcohol or controlled substances. He had no criminal history prior to the current offense. Sitarski reported that he did not remember what occurred between him

and K.S. He blamed his schizophrenia for his actions and stated that he felt sad for both himself and for K.S. Sitarski referred to the charged offense as "demeaning."

Testing conducted by the probation office revealed that Sitarski posed a "medium-high" risk of re-offense. However, on a sex offender specific scale, Sitarski tested within the low risk range for re-offense. The probation officer who interviewed Sitarski concluded: "By all accounts, [Sitarski] appears to be an excellent candidate for probation. The offense, however, is [a] serious one. The harm to the victim canno[t] and should not be ignored. [Sitarski] also minimizes the offense. This officer, therefore, is recommending a straight sentence be imposed in this case."

At the sentencing hearing, the State reiterated that Sitarski faced a mandatory minimum sentence of 15 years' imprisonment. When given a chance to make a statement to the court, Sitarski explained:

> I was deemed to be found out that I had schizophrenia at the time of the crime. And that really was a shell shock for me because I wasn't expecting it. And I got treatment at the Regional Center and they put me on meds and I am doing a lot better than I was.

The court ordered that Sitarski was to register under the Nebraska Sex Offender Registration Act on a quarterly basis for the rest of his life. The court sentenced Sitarski to not less than 30 years and not more than 50 years' imprisonment. The court gave him credit for 578 days previously served. The court also explained: "Assuming you lose no good time, you will serve 15 years less credit for time served toward parole eligibility, and 25 years less credit for time served toward your mandatory discharge."

Sitarski appeals his sentence here.

## ASSIGNMENT OF ERROR

On appeal, Sitarski asserts that the district court erred in imposing an excessive sentence.

## STANDARD OF REVIEW

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

## ANALYSIS

*Truth in Sentencing.*

Before addressing Sitarski's assigned error, we first address the district court's erroneous advisement of good time credit and parole eligibility. Sitarski did not assign this issue as error, nor did the State address this issue in its brief. However, consideration of plain error occurs at the discretion of an appellate court. *State v. Magallanes*, 284 Neb. 871, 824 N.W.2d 696 (2012).

Although there was initially some confusion during the plea hearing about the possible penalty for first degree sexual assault of a child, it is clear that by the time Sitarski entered his guilty plea, the parties and the court were all in agreement that, if convicted, Sitarski would be sentenced to a mandatory minimum of 15 years' imprisonment and a maximum of life

imprisonment. The 30 to 50 year sentence imposed by the district court was clearly within these statutory limits.

The mandatory minimum sentence requirement, as delineated in § 28-319.01(2) has the effect of removing eligibility for probation and denying accrual of good time prior to service of the first 15 years of any minimum term. See *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015). Here, the district court's statements regarding Sitarski's good time and parole eligibility were incorrect. The district court calculated that Sitarski would serve 15 years less credit for time served toward parole eligibility, and 25 years less credit for time served toward his mandatory discharge. This advisement was not accurate since Sitarski will actually not begin earning good time until he has served the 15 year mandatory minimum. Subtracting the mandatory minimum sentence, 15 years, from the court's minimum sentence, 30 years, leaves 15 years for which Sitarski could receive good time credit. Sitarski must serve half of those 15 years, or 7 1/2 years, plus the mandatory minimum of 15 years before becoming eligible for parole. As such, Sitarski will not become eligible for parole until he has served 22 1/2 years of his sentence and must serve 32 1/2 years before mandatory discharge.

If there is a conflict between the court's sentence and its truth in sentencing advisement, the statements of the minimum and maximum limits control. According to Neb. Rev. Stat. § 29-2204 (Cum. Supp. 2018)

> If any discrepancy exists between the statement of the minimum limit of the sentence and the statement of parole eligibility or between the statement of the maximum limit of the sentence and the statement of mandatory release, the statements of the minimum limit and the maximum limit shall control the calculation of the offender's term.

Therefore, Sitarski's actual aggregate prison sentence is computed based on the court's statement of the minimum and maximum limits of 30 to 50 years. The district court's statements regarding Sitarski's good time and parole eligibility are not part of the sentence and do not evidence ambiguity in the sentence imposed. See *State v. Russell, supra*. Accordingly, although we note the error in the court's truth in sentencing statements, we do not find any reversible plain error with respect to Sitarski's sentence. We now address whether the sentence imposed was excessive.

*Excessive Sentence.*

In his brief on appeal, Sitarski argues that the district court erred in imposing an excessive sentence. Specifically, Sitarski argues that the district court failed to appropriately consider his lack of criminal history and his lack of any drug or alcohol problems when sentencing him to a period of 30 to 50 years' imprisonment. He contends that he will be unable "to effectively rehabilitate himself while serving [the] lengthy [prison] sentence." Brief for appellant at 8.

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). However, the sentencing court is not limited to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a

subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

First degree sexual assault of a child is a Class IB felony. See § 28-319.01(2). A Class IB felony is normally punishable by a minimum of 20 years' imprisonment and a maximum of life imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2016). However, as we discussed above, § 28-319.01(2) specifically provides that first degree sexual assault of a child carries with it a mandatory minimum sentence of 15 years. The district court sentenced Sitarski to 30 to 50 years' imprisonment. This sentence is within the statutory limits.

Because Sitarski's sentence falls within the statutorily provided range, we review the sentence imposed only for an abuse of discretion. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013). Contrary to Sitarski's assertions in his brief to this court, we do not find that the court failed to consider any pertinent factors in imposing the sentence. At the sentencing hearing, the district court stated that it had reviewed the presentence investigation report and the specific sex offender assessment. The court further indicated that it had considered Sitarski's age, education, lack of criminal record, motivation for the offense, nature of the offense, and the violence that was involved. While the court noted that it believed that Sitarski was suffering from schizophrenia, the court questioned whether that mental health diagnosis caused Sitarski to sexually abuse the victim, as Sitarski asserted. The court stated:

> that your reports of psychosis symptoms are inconsistent reports, that you demonstrated grooming abilities, appreciating the wrongfulness of what you were doing, that you were able to stop when you were living with other people to protect being caught by doing these things. And those things tell me, essentially . . . you were capable of appreciating what was going on. And as I read this, it was almost three years of nearly daily contact that was unlawful, illegal and egregious.

Ultimately, the court indicated its belief that Sitarski was likely to reoffend if he did not obtain treatment. The court noted that such treatment would be available to him through the Department of Corrections.

Upon our review, we cannot find that the district court abused its discretion in sentencing Sitarski to 30 to 50 years' imprisonment. The sentence is within the statutory limits and is supported by the serious nature of the offense.

### CONCLUSION

We find no abuse of discretion in the decision of the district court to sentence Sitarski to 30 to 50 years' imprisonment on his conviction for first degree sexual assault of a child. Accordingly, we affirm.

AFFIRMED.