IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BURNS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

VINCENT W. BURNS, APPELLANT.

Filed July 6, 2021.    Nos. A-21-203, A-21-204.

Appeals from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Vikki S. Stamm, of Stamm, Romero & Associates, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Vincent W. Burns appeals from his plea-based convictions in the district court for Buffalo County for robbery and possession of between 10 and 28 grams of methamphetamine with intent to distribute. He alleges that the district court incorrectly advised him of his parole eligibility and mandatory discharge dates in its truth in sentencing advisement and imposed excessive sentences. For the reasons set forth herein, we affirm.

## BACKGROUND

Burns originally faced charges in three separate cases. In case No. A-21-203, the State filed an information on September 23, 2020, charging Burns with possession of a firearm by a prohibited person, robbery, and possession of methamphetamine. In case No. A-21-204, the State filed an information on October 9, 2020, charging Burns with one count of possession of between 10 and

28 grams of methamphetamine with intent to distribute. Our record does not reveal the charges contained in the third case.

During the course of the proceedings a plea agreement involving all three cases was entered. Pursuant to the plea agreement, Burns pled no contest to the count of robbery in case No. A-21-203 with the remaining charges being dismissed. He also pled no contest to the sole charge of possession of between 10 and 28 grams of methamphetamine with intent to distribute in case No. A-21-204. The remaining charges in case No. A-21-203 were dismissed as well as the charges contained in the third case. The State further agreed that it would not pursue a habitual criminal enhancement to the charges to which Burns entered his no contest pleas.

The factual basis for case No. A-21-203 showed that on May 19, 2020, a robbery was reported at Prairie View Apartments in Kearney, Nebraska. Shawn Cyr reported to law enforcement that he was robbed by two individuals, Dayton Burton and Burns. Cyr contacted Burton about purchasing methamphetamine. Burton arranged for the transaction to take place between Cyr and Burns. Burton told police that during the course of the transaction (at which he was present), Burns pulled out a handgun, held it on Cyr and took the money Cyr had brought to purchase the methamphetamine. Burns disputed that he personally possessed the gun during the robbery, but contended that if the case went to trial, he would testify that Burton held the gun on Cyr.

The factual basis provided in case No. A-21-204 revealed that officers of the Kearney Police Department were investigating an unrelated matter in the lobby of a hotel when they saw two males, one of whom was identified as Burns, entering and exiting a vehicle and conducting what appeared to be a drug deal in the parking lot. The officers contacted Burns and the other individual, who provided inconsistent explanations for their presence in the parking lot. Burns was subsequently placed in the back of a police cruiser. Video taken in the cruiser showed that for a period of 30 minutes, Burns undertook a "relatively graphic and extensive effort to stuff a plastic bag containing 26.24 grams of methamphetamine" into his anus. According to the presentence investigation report (PSR), the bag was recovered from Burns following his arrest at the jail. The vehicle in the hotel parking lot which Burns had been entering and exiting had multiple items of paraphernalia, such as scales, scoops, and numerous plastic bags that were consistent with drug distribution. Burns stated that the vehicle where the paraphernalia was found was not his vehicle.

Prior to accepting his pleas, the district court advised Burns that robbery is a Class II felony which carries a minimum sentence of 1 year's imprisonment and a maximum sentence of 50 years' imprisonment. The district court also advised Burns that, as charged by the State, possession with intent to distribute between 10 and 28 grams of methamphetamine is a Class 1D felony carrying a maximum punishment of 50 years' imprisonment and a mandatory minimum of 3 years' imprisonment. The district court accepted Burns' pleas. The district court further ordered Burns to participate in a presentence investigation.

The PSR revealed that Burns was 30 years old at the time of sentencing and had previously obtained his GED. At the time of his arrest, he was unemployed. He reported that he started using methamphetamine when he was 16 or 17 years old and used methamphetamine every day until he was first sentenced to prison in 2009. When Burns was released from prison in 2012, he was able to abstain from methamphetamine, though he was consuming a lot of alcohol. He relapsed on methamphetamine in 2019 and began to use the drug every day, in addition to selling

methamphetamine to support his own use. He admitted that he was addicted to methamphetamine and that his use affected all parts of his life.

Burns has a significant criminal history dating back to when he was a juvenile. After out of home placements did not succeed, he was ordered to the Youth Rehabilitation and Treatment Center in Kearney on two occasions. As an adult, he had prior convictions for third degree assault, burglary, possession of methamphetamine, unauthorized use of a financial transaction device, driving under the influence of alcohol, and leaving the scene of an accident. Prior sentences included fines, jail, and prison terms. He scored at the very high risk level according to the Level of Service Case Management Inventory (LS/CMI).

At the sentencing hearing, Burns' counsel argued that Burns has a serious drug problem and is in need of structured treatment. Counsel also mentioned that Burns was able to lead a drug-free life for several years prior to relapsing in December 2019, after he lost his job. His counsel also noted that Burns continued to maintain that he did not possess a firearm with respect to the robbery charge. His counsel stated that Burns would like to be considered for probation but realized that would not be realistic, given the nature of the charges and his criminal history. His counsel asked that if there was a prison sentence, it be for no more than 3 to 7 years. The State pointed out that the Class ID felony carried a mandatory minimum of 3 years and argued that the sentences for these charges should be imposed consecutive to each other because they were separate cases. The State further argued that given Burns' long criminal history and the serious nature of the offenses, each sentence should be lengthy.

Prior to pronouncing the sentence, the district court stated that it had reviewed the entire PSR. The district court noted that "the combination of being involved in drug dealing and trying to rob people, things go bad in a hurry and people get killed." Ultimately, in case No. A-21-204, the district court sentenced Burns to imprisonment for a minimum of 10 years and a maximum of 15 years for the charge of possession of between 10 and 28 grams of methamphetamine with intent to distribute. In case No. A-21-203, the district court also sentenced Burns to a term of 10 to 15 years' imprisonment on the charge of robbery. The district court ordered these sentences to run consecutively. Then the district court stated, "[b]y my calculation you'd be eligible for parole in about 6 years and 9 months, and institutional discharge in about 13 years 9 months." Burns was given credit for 165 days of time served with respect to the charge in case No. A-21-204 and 83 days in case No. A-21-203.

Burns now appeals to this court.

## ASSIGNMENTS OF ERROR

On appeal, Burns assigns four errors, which we consolidate to two. He first assigns and argues that the district court erred by providing the incorrect dates for his parole eligibility and institutional discharge in the truth in sentencing advisement which was given. He further contends that the district court imposed an excessive sentence.

## STANDARD OF REVIEW

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in

considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

ANALYSIS

*Truth in Sentencing Advisement.*

Burns first argues that the district court provided an inaccurate truth in sentencing advisement with respect to his parole eligibility date and mandatory release date. He argues he should be given the benefit of the inaccurate statement provided to him by the court. He argues that the district court intended for him to be eligible for parole in 6 years and 9 months and mandatory discharge in 13 years and 9 months. Based on that claimed intent, he requests this court to modify his sentences so as to set parameters that would result in him being eligible for parole and mandatory release at the times outlined by the district court. We address these arguments, in turn.

We first must perform our own calculation of when Burns would become eligible for parole and mandatory release pursuant to the consecutive 10- to 15-year sentences imposed. As to the Class II felony, this is accomplished by dividing the minimum and maximum terms in half. However, the 3-year mandatory minimum sentence requirement for the Class ID felony, as delineated in Neb. Rev. Stat. § 28-105(1) (Supp. 2019) has the effect of removing eligibility for probation and denying accrual of good time prior to service of the first 3 years toward either the minimum or maximum term imposed. See, e.g., *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015); *Johnson v. Kenney*, 265 Neb. 47, 654 N.W.2d 191 (2002). Therefore, Burns must serve 3 years on that sentence before good time credit can be considered. As a result, he would not be eligible for parole until he has served 6½ years and mandatory release until he has served 9 years on that charge. Combining the consecutively imposed sentences together results in Burns being eligible for parole after serving 11½ years and mandatory release after serving 16½ years. Burns' credit of 83 days of time served in case No. A-21-203 and 165 days in case No. A-21-204 will be credited toward those totals.

The district court's statements regarding Burns' good time and parole eligibility were incorrect based on the sentences it imposed. However, it is the sentence imposed that controls. If there is a conflict between the court's sentence and its truth in sentencing advisement, the statements of the minimum and maximum limits control. Neb. Rev. Stat. § 29-2204(6)(b) (Cum. Supp. 2018). The district court's statements regarding Burns' good time and parole eligibility are not part of the sentence and do not evidence ambiguity in the sentence imposed. See *State v. Russell, supra.* Accordingly, there is no reversible error with respect to the incorrect calculation made by the district court.

Moreover, even if we accepted Burns' argument that the district court intended to give a sentence consistent with its truth in sentencing advisement, such intent would provide no basis for modification. The Nebraska Supreme Court addressed this issue in *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), *disapproved on other grounds, State v. Lantz*, 290 Neb. 757, 861 N.W.2d 728 (2015). In *Castillas*, the district court explicitly stated that its intention was that Castillas should serve no more than 25 years' imprisonment before reaching parole eligibility. However, the court sentenced Castillas to a term that resulted in him not being parole eligible until he had served 27½ years. *Id.* The Supreme Court, noting the language of § 29-2204, determined

- 4 -

that the actual aggregate sentence, computed based on the court's statement of the minimum and maximum limits must be applied despite the court's stated intention. In the present case, the district court did not explicitly state that it intended to give Burns a sentence consistent with its truth in sentencing statement. But even if the court intended to do so, it would be of no effect. Burns urges this court to depart from the precedent of *Castillas.* We decline Burns' invitation. The sentences were validly imposed and cannot be modified under § 29-2204. This argument is without merit.

*Excessive Sentence.*

Burns argues that the sentences imposed by the district court were excessive because the district court did not consider his lack of recent criminal history and lack of drug or alcohol problems within the last 10 years. He further argues that the district court did not specifically indicate that it considered his age, education, lack of criminal record, motivation for the offense, nature of the offense, or the violence that was involved in the crime.

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). However, the sentencing court is not limited to any mathematically applied set of factors. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017).

Burns was convicted of possession with intent to distribute 10 to 28 grams of methamphetamine, a Class ID felony, punishable by a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-416(1)(a) and (10) (Cum. Supp. 2018); § 28-105. Burns was sentenced to 10 to 15 years' imprisonment on this offense. Burns was also convicted of robbery, a Class II felony, punishable by 1 to 50 years' imprisonment. Neb. Rev. Stat. § 28-324 (Reissue 2016); § 28-105. Burns was sentenced to 10 to 15 years' imprisonment on this charge as well. Both of his sentences were within the statutory limits. Accordingly, we review the sentences imposed only for an abuse of discretion. See *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013). Where a sentence imposed is within the statutory limits, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Price, supra.*

We do not find that the district court abused its discretion in determining the sentences to be imposed. At the sentencing hearing, the district court stated that it had reviewed the entirety of the PSR. While the district court did not specifically indicate that it considered all of the relevant factors, the PSR included material relevant to all of the factors prescribed for consideration by statute and case law. As outlined above, the PSR revealed a long criminal history and an almost life long struggle with substance abuse. The police reports demonstrated that Burns was actively engaged in the sale of significant amounts of methamphetamine and that he utilized a firearm as a tool to effectuate a robbery. Even if we accepted Burns' statement that it was Burton and not him that produced the firearm, Burton was acting in concert with Burns during the course of the offense. The district court stated that when guns are brought to drug transactions "things go bad in a hurry and people get killed." Upon our review, we cannot find that the district court abused its discretion

in sentencing Burns to an aggregate sentence of 20 to 30 years' imprisonment. There is nothing in the record to suggest that the district court failed to consider the relevant statutory factors or considered inappropriate or improper factors. The LS/CMI placed Burns at very high risk to reoffend. The sentences are within statutory limits and are supported by the serious nature of the offenses and the totality of information present in the PSR.

CONCLUSION

We find no reversible error with respect to the discrepancy between the truth in sentencing advisement and the sentences imposed. We also find no abuse of discretion in the decision of the district court to sentence Burns to a total of 20 to 30 years' imprisonment on his two convictions. Accordingly, we affirm.

AFFIRMED.