IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HARRIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DANGELO M. HARRIS, APPELLANT.

Filed October 17, 2023.    No. A-23-170.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Douglas L. Kerns for appellant.

Michael T. Hilgers, Attorney General, Erin E. Tangeman, and Emily Doll, Senior Certified Law Student, for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Dangelo M. Harris appeals from his plea-based convictions in Lancaster County District Court of burglary and obstructing a peace officer. Harris assigns that the district court abused its discretion by imposing an excessive sentence, erred in failing to state in its written sentencing order that Harris' sentences in this case were to be served concurrently, and that trial counsel provided ineffective assistance in failing to inform Harris that changing his plea in this case was not part of any plea agreement in another pending matter. Following our review, we affirm.

## BACKGROUND

Harris was charged with burglary, a Class IIA felony, and obstructing a peace officer, a Class I misdemeanor. Harris pled no contest to the charges. Prior to the district court accepting his pleas, Harris asked for, and was granted, time to speak with his attorney privately. Counsel

- 1 -

confirmed to the district court that there was no plea agreement. Harris confirmed that no one had made any promises as to what his sentences would be, and that no one connected with law enforcement, or anyone else, had made any threat in any manner whatsoever, or used any force, or held out any inducement or promise to get him to enter his pleas.

The factual basis the State provided was that at 6:30 p.m. on June 24, 2021, officers were dispatched to a residence in Lincoln, Nebraska, on a suspicious party. The caller was an apartment manager who had seen a suspicious vehicle and suspicious individuals and thought it might be related to a burglary that occurred earlier that day. Upon arrival at the apartment, officers found the door ajar and the frame broken. Because they could hear someone in the apartment, officers made loud verbal commands for the individual to come out; although no one exited the apartment, officers heard a person attempting to open blinds or a sliding glass door. Harris was seen climbing down the balcony and he began running from officers. He was taken into custody and a white Xbox controller was found in his pocket.

The apartment resident stated she did not know Harris and that no one had permission to be inside her apartment. The resident did indicate that earlier in the day someone had broken into her apartment and taken items, including an Xbox. Another resident stated that someone had been climbing the balconies early in the morning, as well as that evening, and identified the person as Harris. After being contacted by police, Harris indicated that he either was retrieving something from the apartment or was returning something to the apartment. Harris stated he ran from police because he was afraid of the officers.

The district court accepted Harris' pleas and found him guilty of the charges. The district court ordered a presentence investigation report (PSI). For his conviction of burglary, a Class IIA felony, Harris received a sentence of 16 to 24 months' imprisonment. For his conviction of obstruct an officer, a Class I misdemeanor, Harris received a sentence of 2 to 12 months' imprisonment. He received credit for 3 days served. The sentences were ordered to be served consecutively to any other sentence Harris was serving. The district court, in its statement of parole eligibility, stated that Harris would be eligible for parole after serving one half the minimum term, which it stated was 9 months, assuming no good time was lost. The district court made no statement regarding whether each sentence at issue in this case was to be served consecutively to the other. Harris appeals.

## ASSIGNMENTS OF ERROR

Harris assigns that the district court abused its discretion by imposing an excessive sentence and erred in failing to state in its written order that his sentences in this case were to be served concurrently with one another. Harris also assigns that he received ineffective assistance of trial counsel when counsel failed to inform him that changing his plea in this case was not part of any plea agreement in another pending matter.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022). In reviewing a claim of ineffective assistance of trial counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

ANALYSIS

*Excessive Sentences.*

Harris assigns that the district court abused its discretion by imposing an excessive sentence. Harris was convicted of a Class IIA felony, which is punishable by a maximum sentence of 20 years' imprisonment with no minimum sentence required. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). For his conviction of a Class IIA felony, Harris received a sentence of 16 to 24 months' imprisonment. Harris was convicted of a Class I misdemeanor, which is punishable by a maximum sentence of not more than 1 year imprisonment, a $1,000 fine or both, with no minimum sentence required. Neb. Rev. Stat. § 28-106 (Reissue 2016). For his conviction of a Class I misdemeanor, Harris received a sentence of 2 to 12 months' imprisonment. These sentences are within the statutory limits and are thus reviewed for an abuse of discretion. An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and just result. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017).

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Blake, supra*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

The PSI shows that at the time of sentencing, Harris was 24 years old and had a high school education. He had previous convictions for false statement to an officer, open alcohol container, steal goods or money less than $500, suspended license, negligent driving, attempted possession of a controlled substance, carrying a concealed weapon, and driving during suspension. In his statement, Harris said he started using meth and Xanax after moving in with a cousin and being influenced by the wrong crowd, and that at the time of the offense he was under the influence. He claimed to have a "spotty" memory of the current offense. Harris' overall score in the PSI was a 31, making him a very high risk.

At sentencing, the district court stated that it had reviewed the PSI. The district court noted that Harris' previous record contained mostly driving offenses, aside from a previous theft charge. It also noted that it had reviewed the sentences Harris' co-defendant had received and was going to sentence Harris similarly. The district court stated it believed a sentence similar to the

co-defendant's sentence was appropriate. It noted it was imposing the sentence with regard for the nature and circumstances of the crime, and the history, character, and condition of Harris.

The district court imposed sentences that are within the statutory limits. It took the appropriate factors into consideration when sentencing Harris. Upon this record, it cannot be said that the district court abused its discretion.

*Sentencing Order.*

Harris assigns that the district court erred in failing to state in the written sentencing order that the sentences were to be served concurrently with each other. As noted above, the district court did not state whether the sentences in this case would be served consecutively or concurrently with each other. In Nebraska, unless prohibited by statute or unless the sentencing court states otherwise when it pronounces the sentences, multiple sentences imposed at the same time run concurrently with each other. *State v. Lantz*, 290 Neb. 757, 861 N.W.2d 728 (2015). Because the district court did not state that the sentences were to be served consecutively to each other and statutes do not provide otherwise, they are to be served concurrently to each other.

We recognize that at the sentencing hearing the court stated Harris would be "eligible for parole after serving one half of the minimum term and that would be nine months." It confirmed that calculation in its written sentencing order. With concurrent sentences and no loss of good time, however, Harris would be parole eligible in 8 months. But a trial judge's incorrect statement regarding time for parole eligibility is not part of the sentence and does not evidence ambiguity in the sentence imposed. See *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015).

Neb. Rev. Stat. § 29-2204(6)(b) (Reissue 2016) states that

If any discrepancy exists between the statement of the minimum limit of the sentence and the statement of parole eligibility or between the statement of the maximum limit of the sentence and the statement of mandatory release, the statements of the minimum limit and the maximum limit shall control the offender's term.

Here, the district court imposed two indeterminate sentences, one with a minimum of 16 months' imprisonment and the other with a minimum of 2 months' imprisonment. And, as stated above, because the district court did not order them to be served consecutively, they are concurrent sentences. Therefore, the minimum limit of the combined sentences is 16 months and the court's statement of parole eligible was erroneously stated as 9 months. Section 29-2204 plainly states that the pronounced terms of imprisonment prevail over any conflict with the truth-in-sentencing-advisements. *State v. Russell, supra*. Therefore, assuming no loss in good time, Harris is parole eligible after serving 8 months. But because the court's truth in sentencing statements are not part of the sentence, no modification of Harris' sentence is required. The meaning of a sentence is, as a matter of law, determined by the contents of the sentence itself. *Id*.

*Ineffective Assistance of Counsel.*

Harris assigns that he received ineffective assistance of counsel because trial counsel failed to advise him that changing his plea in this matter was not part of any plea agreement in another matter where he was charged with assault by strangulation, false imprisonment, and sexual assault. When a defendant's trial counsel is different from his or her counsel on direct appeal, he or she

must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient, and that this deficient performance actually prejudiced the defendant's defense. *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022). To show counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

After reviewing the bill of exceptions, we find the record before us is insufficient to address this claim. There is discussion in the record at a prior hearing regarding a possible global plea agreement, as well as another plea offer made by the State. Shortly after the court inquired whether Harris' plea was the result of any threat, force, or inducement, "other than a plea agreement," Harris requested time to visit with counsel. Those discussions are not included in our record. Harris thereafter stated that he was waiving all of the rights previously listed. Although counsel later confirmed to the district court that there was no plea agreement, the record does not disclose what conversations, if any, were had between counsel and Harris regarding Harris' agreement to plead in this case as it related to his other pending matters. Therefore, we are unable to review this claim and it is preserved for postconviction review.

CONCLUSION

We find that the district court did not abuse its discretion in imposing the sentences and that Harris' ineffective assistance of counsel claim cannot be reviewed on direct appeal and is preserved for postconviction review. We determine the sentencing order, regardless of the parole eligibility statement, reflects that the sentences in this case are to be served concurrently to each other and consecutively to sentences in other cases. We affirm the judgment of the district court.

AFFIRMED.