Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:08 PM CDT

STATE OF NEBRASKA, APPELLEE, V.
ALLEN EVANS, APPELLANT.
___ N.W.3d ___

Filed June 21, 2024.    No. S-24-013.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
2. **Sentences: Appeal and Error.** A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court.
3. ____: ____. An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.
4. **Sentences: Probation and Parole.** Neb. Rev. Stat. § 83-1,110 (Supp. 2023) concerns parole eligibility calculations and not the permissible sentencing range of the underlying sentence imposed by the trial court.
5. ____: ____. The court's truth-in-sentencing advisement estimating parole eligibility and mandatory release is not the sentence.
6. **Sentences.** The Nebraska Criminal Code, Neb. Rev. Stat. §§ 28-101 to 28-1357, 28-1601 to 28-1603, and 28-1701 (Reissue 2016, Cum. Supp. 2022 & Supp. 2023), principally governs the trial court's power to sentence a defendant in a criminal case and, in conjunction with Neb. Rev. Stat. § 29-2204 (Reissue 2016), governs the term that may be imposed.
7. ____. A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime.
8. **Statutes: Appeal and Error.** An appellate court will not read meaning into a statute that is not there or read anything direct and plain out of a statute.
9. **Judges: Sentences: Probation and Parole.** A trial judge's incorrect statement regarding time for parole eligibility is not part of the sentence imposed and does not evidence ambiguity in the sentence imposed.

Appeal from the District Court for Gage County, Ricky A. Schreiner, Judge. Affirmed.

Robert W. Kortus, of Nebraska Commission on Public Advocacy, for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## INTRODUCTION

The defendant pled no contest to two counts of first degree sexual abuse of a protected individual. The district court sentenced the defendant to 18 to 20 years' imprisonment for each conviction and ordered the sentences to run consecutively, resulting in an aggregate term of imprisonment of 36 to 40 years. The defendant appeals, arguing his sentences are invalid because, under Neb. Rev. Stat. § 83-1,110 (Supp. 2023), he may be eligible for parole before serving his minimum term of 36 years. Because § 83-1,110 does not require a sentencing court to determine a defendant's future parole eligibility and sentence the defendant in accordance with that determination, we affirm.

## BACKGROUND

Allen Evans was charged by amended information in the district court for Gage County, Nebraska, with two counts of first degree sexual abuse of a protected individual, both Class IIA felonies. The charges arose after a resident of the Beatrice State Development Center reported that Evans had sexually assaulted her while Evans was employed with the Department of Health and Human Services.

Pursuant to a plea agreement, Evans pled no contest to both counts. Subsequently, the district court sentenced Evans to 18 to 20 years' imprisonment for each conviction, resulting in an aggregate term of imprisonment of 36 to 40 years. Consistent with the parties' joint recommendation, the court ordered the sentences to run consecutively.

After pronouncing the sentences, the court stated the following with respect to Evans' parole eligibility:

Your parole eligibility date/mandatory discharge date will be . . . calculated by the Nebraska Department of Corrections pursuant to the Truth in Sentencing.

Assuming you lose no good time, you become eligible for parole after serving approximately 18 years of this sentence less the 605 days you've already served. You become eligible for mandatory release by dividing that maximum sentence of 20 years in half and subtracting the 605 days that you have already served.

Evans' attorney then stated: "Judge I — I do question the sentence in light of LB50, but the defendant has the right to appeal, so I don't think there is anything I can do at this point other than just question it." The court did not respond to these comments. However, contrary to the district court's sentencing statements, Evans' maximum sentence is 40 years. The court corrected this error in its written sentencing order.

Evans timely appealed his sentences, asserting the district court "did not apply or abide by the statutory parameters articulated in Neb. Rev. Stat. § 83-1,110(3)(a)(iii),"[1] which were recently enacted after the passage of 2023 Neb. Laws, L.B. 50, and determine when a committed offender is eligible for parole.

Upon the State's request to bypass the Nebraska Court of Appeals, we moved the matter to our docket to consider the effect, if any, of the recent statutory amendments to Evans' sentence.

---

[1] Brief for appellant at 9.

## ASSIGNMENT OF ERROR

Evans assigns that the district court "[e]rroneously [s]entenced" him to "[t]erms of [i]mprisonment" that exceeded § 83-1,110.

## STANDARD OF REVIEW

[1] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[2]

[2] A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court.[3]

[3] An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.[4]

## ANALYSIS

[4,5] Evans argues on appeal that the sentence imposed by the district court "exceed[s] the maximum sentence permitted by Neb. Rev. Stat. § 83-1,110."[5] Specifically, he contends that under the parole eligibility criteria of a recent amendment to § 83-1,110(3)(c)(iii), "[t]he maximum sentence for an aggregate sentence of 40 years cannot exceed 32 years,"[6] because 80 percent of a maximum term of 40 years is 32 years. Thus, even though his sentence falls within the range of permissible statutory penalties set forth in Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022), Evans argues it was invalid because it violated § 83-1,110(3)(c)(iii). We hold that § 83-1,110 concerns parole eligibility calculations and not the permissible sentencing range of the underlying sentence imposed by the trial court. And we reiterate that the court's truth-in-sentencing

---

[2] *State v. Thompson*, 294 Neb. 197, 881 N.W.2d 609 (2016).

[3] *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024).

[4] *Id*.

[5] Brief for appellant at 7.

[6] *Id*. at 9.

advisement estimating parole eligibility and mandatory release is not the sentence.[7] The court's aggregate sentence of 36 to 40 years was valid, and we need not address the correctness of the court's truth-in-sentencing advisement in light of the amendments to § 83-1,110(3)(c)(iii).

[6,7] The Nebraska Criminal Code, Neb. Rev. Stat. §§ 28-101 to 28-1357, 28-1601 to 28-1603, and 28-1701 (Reissue 2016, Cum. Supp. 2022 & Supp. 2023), principally governs the trial court's power to sentence a defendant in a criminal case and, in conjunction with Neb. Rev. Stat. § 29-2204 (Reissue 2016), governs the term that may be imposed. Under § 28-105(1), a Class IIA felony is punishable by a term of imprisonment of 0 to 20 years. Both sentences imposed by the district court fell within the range of the permissible statutory penalties. A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime.[8] In contrast, a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court.[9]

In 1993, Nebraska passed truth-in-sentencing legislation, which was codified at § 29-2204 (Supp. 1993). Currently, § 29-2204(6)(a) (Reissue 2016) provides that when imposing an indeterminate sentence, the court shall advise the offender on the record of the time the offender will serve both on the minimum sentence before attaining parole eligibility and on the maximum term before attaining mandatory release, assuming that no good time for which the offender will be eligible is lost. But, under § 29-2204(6)(b):

> If any discrepancy exists between the statement of the minimum limit of the sentence and the statement of parole eligibility or between the statement of the maximum limit of the sentence and the statement of

---

[7] See *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015).

[8] *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016).

[9] See *State v. Miller, supra* note 3.

mandatory release, the statements of the minimum limit and the maximum limit shall control the calculation of the offender's term.

Since 1969, § 83-1,110 has been the principal statute addressing when an offender is eligible for parole and mandatory release,[10] and it is the basis upon which the court makes its truth-in-sentencing advisement. Section 83-1,110 was amended effective September 2, 2023. Before this amendment, the entirety of § 83-1,110 (Reissue 2016) read as follows:

(1) Every committed offender shall be eligible for parole when the offender has served one-half the minimum term of his or her sentence as provided in sections 83-1,107 and 83-1,108. The board shall conduct a parole review not later than sixty days prior to the date a committed offender becomes eligible for parole as provided in this subsection, except that if a committed offender is eligible for parole upon his or her commitment to the department, a parole review shall occur as early as is practical. No such reduction of sentence shall be applied to any sentence imposing a mandatory minimum term.

(2) Every committed offender sentenced to consecutive terms, whether received at the same time or at any time during the original sentence, shall be eligible for release on parole when the offender has served the total of one-half the minimum term as provided in sections 83-1,107 and 83-1,108. The maximum terms shall be added to compute the new maximum term which, less good time, shall determine the date when discharge from the custody of the state becomes mandatory.[11]

The entirety of § 83-1,110 (Supp. 2023) now provides:

(1) Every committed offender shall be eligible for parole upon the earliest of the following:

---

[10] See *Adams v. State*, 293 Neb. 612, 879 N.W.2d 18 (2016).

[11] See 2003 Neb. Laws, L.B. 46, § 23.

(a) When the offender has served one-half the minimum term of his or her sentence as provided in sections 83-1,107 and 83-1,108;

(b) For a committed offender serving a maximum term of twenty years or less, two years prior to the offender's mandatory discharge date; or

(c) For a committed offender serving a maximum term of more than twenty years, when the offender has served eighty percent of the time until the offender's mandatory discharge date.

(2) The board shall conduct a parole review not later than sixty days prior to the date a committed offender becomes eligible for parole as provided in this subsection, except that if a committed offender is eligible for parole upon his or her commitment to the department, a parole review shall occur as early as is practical. No such reduction of sentence shall be applied to any sentence imposing a mandatory minimum term.

(3)(a) This subsection applies to any committed offender sentenced to consecutive terms, whether received at the same time or at any time during the original sentence.

(b) The maximum terms shall be added to compute the new maximum term which, less good time, shall determine the date when discharge from the custody of the state becomes mandatory.

(c) The committed offender shall be eligible for release on parole upon the earliest of the following:

(i) When the offender has served the total of one-half the minimum term as provided in sections 83-1,107 and 83-1,108;

(ii) For a committed offender serving a maximum term of twenty years or less, two years prior to the offender's mandatory discharge date; or

(iii) For a committed offender serving a maximum term of more than twenty years, when the offender has served

eighty percent of the time until the offender's mandatory discharge date.

[8] Evans appears to conflate the criminal sentence imposed by the trial court with the parole board's calculation of parole eligibility under § 83-1,110. Nothing in the language of § 83-1,110 as amended indicates an intent to govern the permissible term of the underlying sentence imposed by the trial court. We will not read meaning into a statute that is not there or read anything direct and plain out of a statute.[12]

Similar to the language before the amendment, the plain language of § 83-1,110(3)(c) governs when the offender is "eligible for release on parole." It then provides, as a calculation for when the committed offender shall be eligible for release on parole—if it is the earliest of the three calculations—"[f]or a committed offender serving a maximum term of more than twenty years, when the offender has served eighty percent of the time until the offender's mandatory discharge date."[13] As with the previous version of the statute, parole eligibility is determined by the board of parole, which shall conduct a parole review.

[9] To the extent Evans takes issue with the court's truth-in-sentencing advisement, we find that it presents no grounds for reversal. As we have said before, § 29-2204(6)(b) plainly provides that it is the sentence imposed that controls parole eligibility and mandatory release, not any erroneous advisement thereof. Stated differently, the pronounced terms of imprisonment prevail over any conflicting truth-in-sentencing advisements.[14] The meaning of a sentence is, as a matter of law, determined by the contents of the sentence itself.[15] A trial judge's incorrect statement regarding time for parole

---

[12] *State v. Simons*, 315 Neb. 415, 996 N.W.2d 607 (2023).

[13] See § 83-1,110(3)(c)(iii).

[14] See *State v. Russell, supra* note 7.

[15] *Schaeffer v. Frakes*, 306 Neb. 904, 947 N.W.2d 714 (2020); *State v. Russell, supra* note 7.

eligibility is not part of the sentence and does not evidence ambiguity in the sentence imposed.[16]

Moreover, under "the ABA Standards," the court is "'not required to inform [the] defendant about parole eligibility before accepting [the] guilty plea.'"[17] This is consistent with § 29-2204, which does not require the truth-in-sentencing advisements described therein until a sentence is pronounced. As such, an incorrect truth-in-sentencing advisement as to parole or mandatory release eligibility also does not affect the validity of a defendant's plea.

In sum, a truth-in-sentencing advisement containing a miscalculation as to the expected parole eligibility or mandatory release date does not affect the validity of either the sentence or the plea. We express no opinion about the correctness of the court's estimation of Evans' parole eligibility date. The validity of the sentence imposed on Evans is governed by the Nebraska Criminal Code, and the district court's imposition of consecutive sentences of 18 to 20 years' imprisonment for each conviction (aggregate sentence of 36 to 40 years' imprisonment) did not violate the Nebraska Criminal Code. We find no merit to Evans' assignment of error that the district court "[e]rroneously [s]entenced" him to "[t]erms of [i]mprisonment" that exceeded § 83-1,110.

## CONCLUSION

For the reasons set forth above, we affirm the sentences imposed by the district court.

AFFIRMED.

MILLER-LERMAN, J., participating on briefs.

---

[16] *State v. Russell, supra* note 7.

[17] *Id*. at 43, 863 N.W.2d at 821.