IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MASON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DADREON E. MASON, APPELLANT.

Filed August 20, 2024.    No. A-23-978.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Carlos A. Monzon, of Monzon, Guerra, & Chipman, for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

MOORE, ARTERBURN, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Dadreon E. Mason pled no contest to possession of a firearm by a prohibited person. The district court for Lancaster County sentenced Mason to a term of 10 to 20 years' imprisonment, with a 3-year mandatory minimum. Mason appeals, asserting that the district court erred in its designation of Mason's parole eligibility and mandatory release date under Neb. Rev. Stat. § 83-1,110 (Supp. 2023). We affirm.

## STATEMENT OF FACTS

In May 2023, Mason was charged by complaint in the Lancaster County Court with possession of a firearm by a prohibited person, a Class ID felony, and resisting arrest using a deadly weapon, a Class IIIA felony. The case was subsequently bound over to district court where Mason was charged by information with identical counts.

- 1 -

Pursuant to a plea agreement, on October 16, 2023, Mason pled no contest to possession of a firearm by a prohibited person. In exchange for his plea, the State moved to dismiss the remaining count of resisting arrest using a deadly weapon and agreed not to file additional charges or pursue a habitual criminal enhancement in the case. Mason was advised of the potential penalties and the rights he was waiving by entering his plea, all of which he affirmed he understood. A factual basis was provided, and his plea was accepted by the district court.

Neb. Rev. Stat. § 83-1,110, which governs when the offender is "eligible for release on parole," was amended effective September 2, 2023, by Neb. Laws 2023, LB 50 (slip law).

On November 21, 2023, Mason was sentenced to a term of 10 to 20 years' imprisonment, with a 3-year mandatory minimum. The district court's truth-in-sentencing advisement provided, "What that means, in this case, is that you must serve six and a half years toward parole eligibility and ten years toward mandatory discharge." Mason was also given 10 days credit for time served. No reference was made to the recently amended § 83-1,110 during the sentencing hearing. The court's sentencing order, filed the same day, provided:

> Minus credit for any time previously served, the time the Defendant must serve before attaining parole eligibility, if applicable, is set forth in Neb. Rev. Stat. § 83-1,110, and the time the Defendant must serve before attaining mandatory release is set forth in Neb. Rev. Stat. § 83-1,107.

Mason appeals.

## ASSIGNMENT OF ERROR

Mason assigns, restated, that the parole eligibility and mandatory release dates stated by the district court are incorrect as recent amendments to § 83-1,110 now allow good-time credit to be accrued while an inmate is serving the mandatory minimum portion of his sentence.

## STANDARD OF REVIEW

Statutory interpretation is a question of law that an appellate court resolves independently of the trial court. *State v. Evans*, 316 Neb. 943, 7 N.W.3d 650 (2024).

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *Id*. An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id*.

## ANALYSIS

Mason asserts that the sentence imposed by the district court is invalid due to the recent amendments to § 83-1,110. Specifically, Mason contends that while a defendant cannot be paroled or mandatorily discharged while serving a mandatory minimum, one can now accrue good-time credit while serving that portion of the sentence, which would reduce a defendant's parole eligibility and mandatory release dates. Thus, while the district court correctly stated that Mason must serve 10 years toward his mandatory discharge date, Mason asserts that the district court incorrectly stated his mandatory discharge and parole eligibility dates.

In *State v. Evans, supra*, the defendant argued that the sentence imposed by the district court exceeded the maximum sentence permitted due to the recent amendments to § 83-1,110, and thus his sentence was invalid. The Nebraska Supreme Court rejected the argument, finding that the statute concerns parole eligibility calculations and not the permissible sentencing range of the underlying sentence imposed by the trial court. *State v. Evans, supra*.

In this case, the district court's sentence of 10 to 20 years' imprisonment was within the statutory limits and was thus valid. Under Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2022), a Class ID felony is punishable by a term of imprisonment of 3 to 50 years. A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime. *State v. Evans*, 316 Neb. 943, 7 N.W.3d 650 (2024). In contrast, a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. See *id*.

Nebraska's truth-in-sentencing statute, Neb. Rev. Stat. § 29-2204(6)(a) (Reissue 2016), provides that when imposing an indeterminate sentence, the court shall advise the offender on the record of the time the offender will serve both on the minimum sentence before attaining parole eligibility and on the maximum term before attaining mandatory release, assuming that no good time for which the offender will be eligible is lost. But, under § 29-2204(6)(b):

> If any discrepancy exists between the statement of the minimum limit of the sentence and the statement of parole eligibility or between the statement of the maximum limit of the sentence and the statement of mandatory release, the statements of the minimum limit and the maximum limit shall control the calculation of the offender's term.

As noted above, § 83-1,110 was amended effective September 2, 2023. The Nebraska Supreme Court reiterated in *State v. Evans, supra*, that § 29-2204(6)(b) plainly provides that it is the sentence imposed that controls parole eligibility and mandatory release, not any erroneous advisement thereof. See, also, *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). "Nothing in the language of § 83-1,110 as amended indicates an intent to govern the permissible term of the underlying sentence imposed by the trial court." *State v. Evans*, 316 Neb. at 950, 7 N.W.3d at 655.

Similarly, we express no opinion about the correctness of the court's estimation of Mason's parole eligibility or mandatory release date. The validity of the sentence imposed on Mason is governed by the Nebraska Criminal Code, and the district court's imposition of a sentence of 10 to 20 years' imprisonment did not violate the Nebraska Criminal Code. To the extent Mason takes issue with the district court's truth-in-sentencing advisement, we find that it presents no grounds for reversal. Mason does not otherwise challenge his sentence as exceeding the statutory authority or constituting an excessive sentence.

## CONCLUSION

For the reasons set forth above, we affirm the sentence imposed by the district court.

AFFIRMED.